RECEIVED

JUL 2 4 2017

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| OPELOUSAS GENERAL HOSPITAL AUTHORITY, A PUBLIC TRUST, d/b/a OPELOUSAS GENERAL HEALTH SYSTEM | CIVIL ACTION NO. 17-818 |
| VERSUS | JUDGE DOHERTY |
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY d/b/a BLUE CROSS/BLUE SHIELD OF LOUISIANA | MAGISTRATE JUDGE HANNA |

## **MEMORANDUM RULING & ORDER**

Before the Court is a "Motion To Stay All Proceedings Pending Transfer By the Judicial Panel on Multidistrict Litigation" [Doc. 5], filed by defendant Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana ("BCBS-LA").[1] The motion is opposed.

### *Background and Argument*

Plaintiff Opelousas General Hospital Authority ("OGH") filed this suit in state court on August 24, 2016; the suit was removed to this Court on June 27, 2017. According to the complaint, the Blue Cross Blue Shield Association ("BCBSA") is an umbrella organization that licenses locally operated companies to use the trademarks and name "Blue Cross" and/or "Blue Cross Blue Shield" in exclusive geographic areas. [Doc. 1-1, p. 4] Plaintiff alleges Louisiana Blue Cross, BCBSA, and other affiliated Blue Cross/Blue Shield companies colluded to divide up health care markets and create health insurance monopolies. [Id. at 4-5] Pursuant to the suit, plaintiff seeks class certification

---

[1] Subsequent to the filing of the above-referenced motion to stay, the United States Judicial Panel on Multidistrict Litigation issued a Conditional Transfer Order, conditionally transferring this matter to the Northern District of Alabama (MDL No. 2406, assigned to the Honorable R. David Proctor) for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

for "All Louisiana healthcare providers who . . ., 1) are citizens of the state of Louisiana, and 2) are contracted with Defendant Louisiana Blue Cross, and 3) have had one or more medical bills reimbursed pursuant to such contract for any services rendered to a patient in the state of Louisiana." [Doc. 1-1, p. 6] Plaintiff seeks damages on behalf of the class for defendant's alleged violation of Louisiana's antitrust statutes. BCBS-LA removed the suit to federal court on June 27, 2017, alleging diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(d). [Doc. 1, ¶ 8] Within hours, plaintiff filed an "Emergency Motion to Remand."[2] [Doc. 4]

The following morning, defendant filed this motion to stay, wherein it moves the Court to stay all proceedings in this matter "pending a decision by the Judicial Panel on Multidistrict Litigation on whether to transfer this case to *In re Blue Cross Blue Shield Antitrust Litigation*, MDL No. 2406." [Doc. 5-11] In support of the motion, defendant argues a stay pending a decision on transfer is warranted to conserve judicial resources and to avoid inconsistent rulings. In opposition to the motion to stay, plaintiff argues the merits of its motion to remand, concluding, "It makes little sense to stay this matter when it is so clear that this case was not and is not removable. . . ." [Doc. 16, p 6]

### *Applicable Law and Discussion*

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "The proponent of a stay bears the burden of establishing its need." *Id.* at 708. While this Court retains jurisdiction over this matter

---

[2]On June 28, 2017, the Court held a telephone conference and heard arguments addressing plaintiff's motion to remand. [Doc. 14] At the conclusion of the conference, the Court denied the motion to the extent plaintiff sought "immediate remand of this action" and deferred a decision on the merits, finding the motion should "proceed in accordance with the normal and customary deadlines of this Court." [Id.]

until an order granting transfer is filed with the clerk of the transferee court, it nevertheless is often advisable for a district court to defer resolution of certain pretrial matters until the Panel renders a decision with regard to whether a case should be transferred to the MDL court. *See* Manual for Complex Litigation § 20.131, at 309 (4th ed. 2012).

The Court finds it appropriate to stay this matter pending resolution of the transfer issue by the MDL panel for the following reasons: (1) a stay will promote judicial efficiency and decrease the possibility of inconsistent pre-trial rulings on similar points of law; (2) plaintiffs will not be prejudiced because they may file (and indeed, plaintiffs have filed) objections to the transfer of this case before the MDL panel; (3) the stay is only in effect until the MDL panel issues its decision on the transfer issue; and (4) in either forum, plaintiff will eventually have its motion to remand resolved.

*Conclusion*

For the reasons provided above,

**IT IS ORDERED** that defendant's motion to stay is **GRANTED**, and the above-captioned proceeding is stayed pending a decision by the Judicial Panel on Multidistrict Litigation on whether to transfer this case to *In re Blue Cross Blue Shield Antitrust Litigation*, MDL No. 2406, United States District Court for the Northern District of Alabama.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 24 day of July, 2017.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

3